IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WENDALL N. SAMPSON, JR.                                                                          PLAINTIFF

v.                                     Case No. 2:15-CV-02251

CITY OF FORT SMITH, ARKANSAS; RAY
GOSACK; KEVIN LINDSEY; JARRARD COPELAND;
LEVI RISLEY; MARK HALLUM; DEAN PITTS;
ANTHONY BOWERS; DOUG BROOKS; DANIEL
GRUBBS; AUSTIN COLLINS; COLBY ROE;
WYMAN WADE; DAWN SPRAYBERRY; and
GREGORY SMITHSON                                                                               DEFENDANTS

**OPINION AND ORDER**

Currently before the Court are the following motions, which are ripe for consideration:

•   A motion to dismiss by Defendants Colby Roe and Wyman Wade (Doc. 5);

•   A motion to amend complaint by Plaintiff Wendall N. Sampson, Jr. (Doc. 9);

•   A motion for sanctions by Defendants (Doc. 11);

•   A second motion to dismiss by Defendants Roe and Wade (Doc. 13); and

•   A motion to dismiss by Defendant City of Fort Smith, Arkansas (Doc. 15).

Plaintiff moves to amend his complaint largely in response to the first motion to dismiss filed by Defendants Roe and Wade. Federal Rule of Civil Procedure 15(a)(2) allows for a party to seek leave of Court to amend a complaint, and provides that "[t]he court should freely give leave when justice so requires." The Court is skeptical that the second amended complaint will be able to withstand a motion to dismiss by Defendants Roe and Wade as to claims against them. However, Plaintiff also moves to amend his complaint to "elaborate[] on and flesh[] out how specific Defendants violated each of the statutes referenced in the various claims." (Doc. 9, p. 2). Because

allowing amendment will help to clarify Plaintiff's claims, the Court will grant Plaintiff's motion for leave to amend, and Defendants will be given the opportunity to file any appropriate response within 10 days. If Plaintiff fails to timely file his amended complaint in accordance with Local Rule 5.5.(e), the Court will proceed to consider the currently pending motions to dismiss filed by Defendants Roe and Wade (Docs. 5 and 13).

Defendants' Roe and Wade also move for sanctions against Plaintiff's counsel. The most proper sanction for allegations that are legally insufficient would be dismissal of those claims. Defendants Roe and Wade will be given an opportunity to respond to Plaintiff's second amended complaint. If they believe dismissal of the claims against them is appropriate, they can make that argument through a motion to dismiss. At this time, the Court cannot find that the inclusion of Defendants Roe and Wade in this lawsuit was so unreasonable as to warrant a finding that it was done for an improper purpose under Federal Rule of Civil Procedure 11, such that imposition of sanctions directly against Plaintiff's counsel would be appropriate. The motion for sanctions will therefore be denied.

Defendant City of Fort Smith ("the City") moves to dismiss Plaintiff's claims against it due to Plaintiff's failure to serve the City in the time required by law. The City argues that Plaintiff did not serve it within 90 days as required by Federal Rule of Civil Procedure 4(m). The 90-day time limitation cited to by the City did not become effective, however, until December 1, 2015. Plaintiff's complaint was filed in this case on November 30, 2015, and was therefore subject to the 120-day time limit then in effect. Plaintiff represents that the City was served on March 16, 2016—within 120 days of the filing of the original complaint. Plaintiff expected to have proof of that service filed by March 21, 2016. No proof of service has been filed to date. The City's motion to dismiss (Doc.

15) will be denied. However, Plaintiff is directed to file proof of timely service on the City by May 6, 2016.

For the reasons set forth above, IT IS ORDERED that Plaintiff's motion to amend complaint (Doc. 9) is GRANTED. Plaintiff is directed to timely file his amended complaint in accordance with Local Rule 5.5(e). Defendants must file a response within 10 days of the filing of an amended complaint.

IT IS FURTHER ORDERED that Defendants' motion for sanctions (Doc. 11) is DENIED.

IT IS FURTHER ORDERED that Defendant City of Fort Smith's motion to dismiss (Doc. 15) is DENIED. However, Plaintiff is directed to file proof of service as to the City by May 6, 2016 or a show-cause order will issue directing Plaintiff to show cause as to why claims against the City should not be dismissed for failure to effect timely service.

IT IS FURTHER ORDERED that Plaintiff show cause by May 6, 2016 as to why his claims against Dawn Sprayberry should not be dismissed for failure to effect timely service. No appearance has been entered on behalf of Defendant Sprayberry; the record reflects no proof of service as to Defendant Sprayberry; and more than 120 days have passed since the filing of the original complaint.

The Clerk is directed to terminate Defendant Gregory Smithson as a party to this case pursuant to Plaintiff's notice of voluntary dismissal (Doc. 23). Fed. R. Civ. P. 41(a)(1)(A)(i).

IT IS SO ORDERED this 28th day of April, 2016.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE